# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RUBEN BLAJOS,** | : | Civil No. 3:12-CV-2567 |
| **Plaintiff,** | : | **(Judge Mariani)** |
| v. | : | **(Magistrate Judge Carlson)** |
| **UNITED STATES OF AMERICA,** | : | |
| **Defendant.** | : | |

## REPORT AND RECOMMENDATION

### I. Statement of Facts and of The Case

This is a *pro se* civil rights case that was first brought by a federal inmate through the filing of a complaint on December 21, 2012. (Doc. 1.) Along with his complaint, the plaintiff sought leave to proceed *in forma pauperis.* (Doc. 2.) The plaintiff's *pro se* complaint is a spare, terse document which contains a one paragraph legal recital regarding the Federal Torts Claims Act, but is completely devoid of any factual averments. (Doc.1.) Thus, the complaint identifies a law, but describes no facts giving rise to a cause of action. (Id.) Because this legal summary is unadorned by any accompanying facts, we cannot identify or ascertain what the plaintiff may be trying to allege in this pleading.

Upon a screening review of this complaint, it is recommended that the plaintiff's motion for leave to proceed *in forma pauperis* be granted but that this

complaint be dismissed without prejudice to the plaintiff endeavoring to correct the defects cited in this Report and Recommendation, provided that the plaintiff acts within 20 days of any dismissal order.

## II. Discussion

### A. Screening of *Pro Se In forma Pauperis* Complaints–Standard of Review

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which seek redress against government officials. Specifically, we are obliged to review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**. - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal**. - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the Court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the

language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally

a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged."  Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual

> allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they

plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

In this regard, one of the basic requisites for a civil complaint is that it must recites some essential facts. This fundamental requirement is driven both by matters of principle, and by pragmatic considerations. As a matter of principle and practice, a basic factual recital is essential in a complaint because it is simply impossible without such averments to properly assign individual responsibility to a particular defendant without some factual description of what has transpired. Therefore, it is incumbent upon a plaintiff to legibly describe who he seeks to sue, and what these

parties did that violated the plaintiff's rights. When a plaintiff fails in this basic responsibility, it is the duty of the court to dismiss his claims. See, e.g., Moss v. United States, 329 F. App'x 335 (3d Cir. 2009)(dismissing illegible complaint); Radin v. Jersey City Medical Center, 375 F. App'x 205 (3d Cir. 2010); Earnest v. Ling, 140 F. App'x 431 (3d Cir. 2005)(dismissing complaint where "complaint fails to clearly identify which parties [the plaintiff] seeks to sue");Oneal v. U.S. Fed. Prob., CIV.A. 05-5509 (MLC), 2006 WL 758301 (D.N.J. Mar. 22, 2006)(dismissing complaint consisting of approximately 50 pages of mostly-illegible handwriting); Gearhart v. City of Philadelphia Police, CIV.A.06-0130, 2006 WL 446071 (E.D. Pa. Feb. 21, 2006) dismissing illegible complaint).

> **B.     This Complaint Violates Rule 8 of the Federal Rules of Civil Procedure**

These principles control here and compel dismissal of this complaint in its current form. At the outset, as presently drafted the complaint– which states no facts– violates the basic rule of pleading which requires that "a District Court . . . determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 210-11. In the absence of any factual recital no such

assessment can be made here regarding the sufficiency of this complaint. Therefore, the complaint should be dismissed.

In addition, dismissal of this complaint is also warranted because the complaint fails to comply with Rule 8's basic injunction that: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Dismissal of this complaint is appropriate since it is well-settled that: "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), and that each averment be 'concise, and direct,' Fed. R. Civ. P. 8(e)(1)." Scibelli v. Lebanon County, 219 F. App'x 221, 222 (3d Cir. 2007). Thus, when a complaint is "illegible or incomprehensible", id., or when a complaint "is also largely unintelligible," Stephanatos v. Cohen, 236 F. App'x 785, 787 (3d Cir. 2007), an order dismissing a complaint under Rule 8 is clearly appropriate. See, e.g., Mincy v. Klem, 303 F. App'x 106 (3d Cir. 2008); Rhett v. New Jersey State Superior Court, 260 F. App'x 513 (3d Cir. 2008); Stephanatos v. Cohen. supra; Scibelli v. Lebanon County, supra; Bennett-Nelson v. La. Bd. of Regents, 431 F.3d 448, 450 n.1 (5th Cir. 2005). Furthermore, dismissal under Rule 8 is proper when a complaint "left the defendants having to guess what of the many things discussed constituted [a cause of action];" Binsack v. Lackawanna County Prison, 438 F. App'x 158 (3d Cir. 2011),

or when the complaint is so "rambling and unclear" as to defy response. Tillio v. Spiess, No. 11-1276, 2011 WL 3346787 (Aug. 4, 2011). Finally, a complaint may be dismissed under Rule 8 when the pleading is simply illegible and cannot be understood. See, e.g., Moss v. United States, 329 F. App'x 335 (3d Cir. 2009)(dismissing illegible complaint); Radin v. Jersey City Medical Center, 375 F. App'x 205 (3d Cir. 2010); Earnest v. Ling, 140 F. App'x 431 (3d Cir. 2005)(dismissing complaint where "complaint fails to clearly identify which parties [the plaintiff] seeks to sue");Oneal v. U.S. Fed. Prob., CIV.A. 05-5509 (MLC), 2006 WL 758301 (D.N.J. Mar. 22, 2006)(dismissing complaint consisting of approximately 50 pages of mostly-illegible handwriting); Gearhart v. City of Philadelphia Police, CIV.A.06-0130, 2006 WL 446071 (E.D. Pa. Feb. 21, 2006) (dismissing illegible complaint).[1]

Here, we find that this complaint fails to recite any facts. Without further coherence and clarity on the plaintiff's part, the defendant simply cannot reasonably be expected to respond to this document and would be "left [to] . . . having to guess

---

[1]In the first instance Rule 8 dismissals are often entered without prejudice to allowing the litigant the opportunity to amend and cure any defects. In such instances, the failure to timely submit a proper amended complaint that complies with the strictures of Rule 8 may then warrant the dismissal of the complaint with prejudice. See, e.g.,Moss v. United States, 329 F. App'x 335 (3d Cir. 2009)(dismissing illegible complaint); Mincy v. Klem, 303 F.App'x 106 (3d Cir. 2008); Rhett v. New Jersey State Superior Court, 260 F.App'x 513 (3d Cir. 2008); Stephanatos v. Cohen. supra; Scibelli v. Lebanon County, supra;

what of the many things discussed constituted [a cause of action]." <u>Binsack v. Lackawanna County Prison</u>, 438 F. App'x 158 (3d Cir. 2011). Therefore, in these circumstances, Rule 8 also calls for the dismissal of this complaint in its current form.

While this screening merits analysis calls for dismissal of this action in its current form, we recommend that the plaintiff be given another, final opportunity to further litigate this matter by endeavoring to promptly file an amended complaint. We recommend this course mindful of the fact that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, <u>see</u> <u>Fletcher-Hardee Corp. v. Pote Concrete Contractors</u>, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend is not necessary in a case such as this where amendment would be futile or result in undue delay, <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004). Accordingly, it is recommended that the Court provide the plaintiff with an opportunity to correct these deficiencies in the *pro se* complaint, by dismissing this deficient complaint at this time without prejudice to one final effort by the plaintiff to comply with the rules governing civil actions in federal court.

### III. <u>Recommendation</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) be GRANTED, but that the plaintiff's complaint be dismissed without prejudice to providing the plaintiff one final opportunity to endeavor to correct the defects cited in this report, provided that the plaintiff acts within 20 days of any dismiss.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 28th day of December, 2012.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge